**DE HUA LIU, Petitioner,**

v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**No. 04–1932–AG.**

United States Court of Appeals,
Second Circuit.

Feb. 2, 2006.

Vlad Kuzmin, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Linda R. Anderson, Assistant United States Attorney, Jackson, Mississippi, for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals ("BIA") order is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings, consistent with this decision.

De Hua Liu petitions for review of the BIA's March 22, 2004 order affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms the IJ's adverse credibility determination and the IJ's ultimate conclusion, but specifically adopts some of the IJ's underlying reasons and rejects others, this Court reviews the IJ's decision as modified and supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

■ The BIA affirmed the IJ's adverse credibility determination on three grounds. Substantial evidence is lacking to support two of the grounds. Both the IJ and BIA found Liu incredible in part based on his failure to submit a birth certificate for this third child. Liu had, in fact, submitted this document. Before affirming an adverse credibility finding premised on a purported inconsistency or omission, the BIA must first consider whether that inconsistency or omission is actually present. *See Matter of A–S–*, 21 I. & N. Dec. 1106, 1998 WL 99553 (BIA 1998). The BIA failed to do so here.

■ That birth certificate, moreover, contains the same identification numbers for Liu's wife as contained in the X-ray report of the wife's sterilization. The IJ implied that Liu could not establish that his wife, rather than some other individual, had been sterilized, when her purported X-ray report and identity card contained different identification numbers. The BIA similarly noted the difference in numbers between the X-ray and identity card as a second reason for not crediting Liu's testimony. Although there was no evidence in the record to explain the difference in numbers between the identity card, and the X-ray and birth certificate, the IJ and BIA erred in failing to explain why they did not credit the explanation of petitioner's attorney that Y2K compliance in China had caused the minimal alteration in numbers or why the minimal difference in numbers undermined Liu's credibility.

As a third reason for affirming the IJ, the BIA also endorsed the IJ's concerns with the dates Liu provided regarding his wife's second pregnancy. Liu's initial misstatement about when his wife became pregnant was trivial, but his claim that his wife was pregnant from August 1991 to September 1992 could be reasonably viewed as implausible although consideration must be given to Liu's explanation that he might not have been precisely aware when his wife became pregnant or

did not remember such dates precisely after ten years.

Because the BIA relied on two flawed grounds in affirming the IJ's determination and because the BIA recognized, and we agree, that some of the IJ's determination was based on impermissible speculation,[1] we vacate the adverse credibility finding and the denial of asylum and withholding of removal and remand the case for a reevaluation of Liu's credibility. *See Cao He Lin v. DOJ*, 428 F.3d 391, 395, 406 (2d Cir.2005).

Liu has failed meaningfully to address his CAT claim in his brief and therefore it is deemed waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for proceedings consistent with this order.

---

1. The BIA refused to adopt the IJ's reasoning with respect to the decision of the hospital to deliver Liu's third child instead of aborting the child as based on undue speculation. We also note that IJ's concerns concerning Liu's alleged misstatement about whether he or his wife had been sterilized was improper given the interpreter's uncertainty about what was said. Moreover, the IJ's further reasoning that an employer in China would not fire a worker without written notice or that Liu would necessarily know the medical term for his wife's heart condition was also based on speculation give that no background evidence existed in the record from which the IJ could determine employment practices in China or to the extent of medical care there. *See Cao He Lin v. DOJ*, 428 F.3d 391, 405 (2d Cir. 2005) (holding that "absent record evidence of practices in foreign countries, [an] IJ must not speculate as to the existence or nature of such practices" in those countries).

